UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tommie Johnson,

     Plaintiff,   Case No. 18-cv-12994

v.           Judith E. Levy
           United States District Judge
Commissioner Social Security,
           Mag. Judge Patricia T. Morris
     Defendant.

_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [28], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [15], AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18]**

On December 13, 2019, Magistrate Judge Patricia T. Morris issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion for summary judgment (ECF No. 15), grant Defendant's motion for summary judgment (ECF No. 18), and affirm the Commissioner's decision to deny Plaintiff benefits under the Social Security Act. (ECF No. 18.)

On December 27, 2019, Plaintiff filed two timely objections to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District

of Michigan Local Rule 72(d). (ECF No. 29.) Plaintiff's first objection regards the Magistrate Judge's finding that substantial evidence supported the Administrative Law Judge's ("ALJ") decision that Plaintiff retained the residual functional capacity ("RFC") to perform light work. (ECF No. 29, PageID.1036.) Plaintiff's second objection argues that the Magistrate Judge erred when she found that Plaintiff is barred from raising an Appointments Clause challenge because he failed to raise it during the administrative process. (*Id*.)

For the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted. Accordingly, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

**I. Background**

The Court adopts by reference the background set forth in the R&R, having reviewed it and found it to be accurate and thorough. (ECF No. 28, PageID.1009–1021.)

**II. Legal Standard**

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve

proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, Plaintiff's objections must be clear and specific

enough that the Court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346.

The Supreme Court articulated the standard the district court must apply when conducting its de novo review. In *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), the Court explained that the phrase "substantial evidence" is a "term of art." *Id*. (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id*. (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id*. (internal citations omitted). Specifically, "[i]t means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotations omitted).

On review, the Court is to "accord the ALJ's determinations of credibility great weight and deference." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 at 476 (6th Cir. 2003). "[I]f substantial evidence supports the ALJ's decision, [this Court] defer[s] to that finding 'even if there is

substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## III. Analysis

### A. Objection No. 1

Plaintiff first argues that the Magistrate Judge erred when she found that substantial evidence could support the ALJ's finding that Plaintiff retained the RFC to perform light work.[1] Plaintiff's objection focuses largely on one sentence in the R&R which states, "[a]t the hearing, Plaintiff estimated he could lift up to 15 pounds—which means he could still lift the requisite amount to satisfy 'light work' and could probably alternate between sitting and standing." (ECF No. 28 PageID.1025). Plaintiff's argument is, in sum, that the ALJ, and

---

[1] "Light work" is defined as follows: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

5

Magistrate Judge in turn, failed to consider his standing and walking limitations when finding that he could perform light work.

The ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," including opinion evidence, before determining Plaintiff's RFC to perform light work. (*Id.* at PageID.50.) The ALJ's analysis of symptoms followed the two-step process required under the regulations. *See* 20 C.F.R. § 404.1529. First, the ALJ considered whether there was a "medically determinable impairment that could reasonably be expected to produce [the claimant's] symptoms." *Id.* at §1529(b). He found that Plaintiff's medically determinable impairments could reasonably be expected to cause those symptoms. (ECF No. 11-2, PageID.51.) Second, the ALJ evaluated the "intensity, persistence, and limiting effects" of the symptoms to determine the extent they limit Plaintiff's capacity for work. See 20 C.F.R. § 1529(c). At this step, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were "not entirely consistent with the medical evidence and other evidence in the record."

(ECF 11-2, PageID.51.) The record provides substantial evidence for the ALJ's conclusion in this regard.

The record demonstrates that, for example, that in August 2015, Plaintiff visited the emergency department for pain in his right hip where he had a lipoma that was increasing in size. (Tr. 450.) Yet, his examination showed that he had a "normal range of motion" in his hip despite pain and swelling. (Tr. 450.) He also had a "normal gait." (Tr. 451.) He returned the emergency department the next day for the same issue. (Tr. 463.) He exhibited tenderness in his right hip but had a "normal range of motion," "normal strength," (Tr. 464) and was again "able to ambulate." (Tr. 465.)

In April 2016, Plaintiff visited neurologist Sidney Broder complaining of leg pain and neuropathy. (Tr. 472–73.) His examination showed "normal muscle station and stability," as well as normal "muscle strength, tone, ROM [range of motion]" for both legs, and a "normal" gait. (Tr. 473.) Plaintiff also reported "good relief" due to medication. (Tr. 472.) Further, X-rays taken in December 2016 showed that his hip and knee were "normal." (Tr. 469.)

The ALJ considered all of this evidence in making his determination that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence in the record.

Moreover, as noted by the government in its brief, Plaintiff does not specify any particular standing or walking limitations that the ALJ should have included in his RFC assessment. It is not this Court's role to make that determination, particularly in the absence of any showing by the party who bears the burden of persuasion on the issue. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also Lawson v. Comm'r of Soc. Sec.*, 192 Fed. App'x. 521, 528 (6th Cir. 2006); *and see Turvey v. Comm'r of Soc. Sec.*, No. 12388, 2013 WL 3271194, at *5 (E.D. Mich. June 27, 2013) (nothing that the plaintiff "[did] not specify any additional work-related functional limitations the ALJ should have, but did not, include in the RFC assessment resulting from [his impairments].").

In conclusion, the ALJ's decision that Plaintiff retained an RFC to perform light work is supported by substantial evidence and the Magistrate Judge did not err in upholding the ALJ's decision. The ALJ

8

stated specific reasons for his conclusions by evaluating both objective medical evidence and the applicable regulation factors. Accordingly, Plaintiff's first objection is overruled.

**B. Objection 2**

Plaintiff's second objection is to the Magistrate Judge's finding that Plaintiff is barred from raising an Appointments Clause challenge because he did not raise it earlier during the administrative proceedings. (ECF No. 29, PageID.1039.) Under the Appointments Clause, "only the President, 'Courts of Law,' or 'Heads of Departments' can appoint 'Officers.'" *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2050 (2018) (quoting Art. II, § 2, cl. 2). Plaintiff argues that the ALJ was not constitutionally appointed and cites the Supreme Court's decision in *Lucia*, which decided that an ALJ for the Security and Exchange Commission ("SEC") was an "officer" subject to the Appointments Clause, but was not validly appointed before deciding the plaintiff's case. 138 S. Ct. at 2051, 2054–2055. Significantly, however, Plaintiff does not cite a key portion of the decision where the Supreme Court states that the plaintiff was entitled to relief in part because he made a "timely challenge: He contested the validity of [the ALJ's] appointment before the Commission, and

9

continued pressing that claim in the Court of Appeals and this Court." *Id.* at 2055.

Plaintiff also cites to the Sixth Circuit's ruling in *Jones Brothers, Inc. v. Sec'y of Labor*, 898 F.3d 669 (6th Cir. 2018). The Court in *Jones* similarly vacated an opinion issued by an ALJ for the Federal Mine Safety and Health Review Commission's ruling, finding that the ALJ was an officer who was not validly appointed under the Appointments Clause. *Id.* at 679. Yet again, however, the *Jones Brothers* Court also held that a party asserting an Appointments Clause challenge must exhaust that the challenge by raising it during the administrative process.[2] *Id.* at 673–74. Indeed, the Supreme Court has long-held that parties must raise statutory defects regarding the appointment of the official who issued the agency's decision with the agency in administrative proceedings. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952). And similarly, constitutional claims must be exhausted through the

---

[2] The Court noted that there are exceptions to this rule under extraordinary circumstances, but "extraordinary circumstances" are specifically set forth in the Mine Act. *Id.* at 677.(citing 30 U.S.C. §816(a)(1)). Neither the Mine Act nor its exceptions are applicable in this case.

10

administrative process before arriving in federal court. *Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012).

Plaintiff argues that he was not obligated to raise his Appointments Clause challenge in the administrative proceedings. He cites to the "informal" and "non-adversarial" nature of Social Security proceedings to argue that plaintiffs should not be required to raise all constitutional, statutory, or regulatory decisions in the administrative process. (ECF No. 29, PageID.1040.) However, Plaintiff cites no law supporting the assertion that there is an Appointments Clause exhaustion exception for Social Security proceedings, nor has the Court's own research uncovered any such authority.[3]

Since Plaintiff raised his Appointments Clause challenge for the first time in his motion for summary judgment (ECF No. 17), and he never raised it in the administrative process, he is barred from doing so

---

[3] Additionally, other judges in the Eastern District of Michigan—and indeed district courts across the country—have considered similar arguments and rejected them for the same reason as the Magistrate Judge rejected them here. *See, e.g., Fortin v. Comm'r of Soc. Sec.*, 372 F. Supp. 3d 558, 565 (E.D. Mich. 2019) (analyzing and rejecting the plaintiff's Appointments Clause challenge as untimely where it was not raised in the administrative process and rejecting the plaintiff's claim that he need not have raised his challenge earlier because Social Security ALJ's lack authority to evaluate such challenges). While these cases are not binding, the Court finds their reasoning persuasive.

now. Therefore the Magistrate Judge did not err, and Plaintiff's objection is overruled.

## IV. Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 28.) Plaintiff's motion for summary judgment is DENIED (ECF No. 15) and Defendant's motion for summary judgment is GRANTED. (ECF No. 14.)

IT IS SO ORDERED.

Dated: March 9, 2020  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 9, 2020.

s/William Barkholz  
Case Manager