UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tommie Johnson,

                Plaintiff,        Case No. 18-12994

v.                                  Judith E. Levy
                                  United States District Judge

Martin O'Malley, Commissioner of
Social Security                 Mag. Judge Patricia T. Morris

                Defendant.

_____/

**OPINION AND ORDER GRANTING MOTION FOR ATTORNEY FEES [38]**

Before the Court is Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 38.) For the reasons set forth below, the motion is granted in part.

**I.    Background**

On August 17, 2015, Plaintiff Tommie Johnson signed a contingent fee agreement with Nyman Turkish P.C. for representation in seeking Social Security Disability Insurance Benefits. (ECF No. 38-3.) That agreement stated:

> We agree that if SSA favorably decides the claim(s) through the initial hearing decision, I will pay my representative a fee equal to the lesser of 25 percent of the past-due benefits resulting from my claim(s) or the dollar amount established pursuant to section 206(a)(2)(A), which is currently $6,000.00, but may be increased from time to time by the Commissioner of Social Security. If my claim is appealed to the Appeals Council or to Federal Court, then I agree to pay 25 percent of all past due benefits.

(*Id.*)

Plaintiff filed an application for Disability Insurance Benefits on August 31, 2015. (ECF No. 28, PageID.1006.) Plaintiff's claims were initially denied in December 2015. (ECF No. 15, PageID.646.) Following a hearing on October 18, 2017, an administrative law judge ("ALJ")[1] issued a decision denying Plaintiff's claims on February 2, 2018. (*Id.*) On August 23, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at PageID.647.)

Plaintiff filed this Social Security Appeal on October 9, 2018. (ECF No. 1.) The parties filed motions for summary judgment, and the Commissioner of Social Security's motion for summary judgment was granted. (ECF Nos. 28, 31.) Plaintiff appealed the Court's order, and the

---

[1] It was later determined that this ALJ was improperly appointed. (*See, e.g.*, ECF No. 36.)

Sixth Circuit, following the Supreme Court's decision in *Carr v. Saul*, 593 U.S. 83 (2021), vacated the Court's order and remanded the case. (ECF No. 36.)

On November 19, 2021, the Court entered a stipulation from the parties for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,500.00. (ECF No. 37.)

On remand, the Social Security Administration found that Plaintiff became entitled to monthly disability benefits as of January 2016. (ECF No. 38-2, PageID.1089.) In a Notice of Award, the Social Security Administration informed Plaintiff that it was withholding 25% of his past-due benefits for representative fees in the amount of $28,307.73. (ECF No. 38-2, PageID.1092.) As such, Plaintiff's total past-due benefits were $113,230.90. (*Id.*)

On January 12, 2024, Plaintiff's counsel, Ryan T. Kaiser, filed this motion for attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 38.) The Commissioner "neither supports nor opposes" the motion, but "requests that the Court order indicate the amount of any § 406(b) award it authorizes but decline to include language directing that the Commissioner 'pay' the award. Alternatively, the Commissioner requests

3

that the Court specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." (ECF No. 40, PageID.1110–1111.)

## II. Legal Standard

Pursuant to 42 U.S.C. § 406(b)(1), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." The district court may "determine . . . a reasonable fee for such representation," however an award may not be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1).

## III. Analysis

Plaintiff's counsel seeks an attorney fee award of $28,307.73.[2] While the Commissioner did not oppose Kaiser's motion, the Court has an independent obligation to assess the reasonableness of a request for

---

[2] Kaiser requests that, if he is to receive the $28,307.73 fee award under § 406(b)(1), the Court order him to refund to Plaintiff his previously-received $5,500.00 EAJA fee and the $1,239.65 fee related to his representation in a subsequent claim for Supplemental Security Income. (ECF No. 38, PageID.1082–1083.)

4

attorney fees under the statute. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

In the Sixth Circuit, a contingency-fee agreement that complies with § 406(b)(1)'s 25% cap is entitled to "a rebuttable presumption of reasonableness." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). However, this presumption does not apply when "the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes*, 923 F.2d at 419 (citing *Rodriquez*, 865 F.2d at 746). If a fee award is unreasonable or constitutes a windfall, the district court may reduce the fee. *Lasley*, 771 F.3d at 310 (affirming the reduction of a fee award where the hypothetical hourly rate exceeded four times the standard rate).

The Sixth Circuit has explained that "a windfall can never occur when . . . the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. This "hypothetical hourly

5

rate that is twice the standard rate . . . provides a floor, below which a district court has no basis for questioning . . . the reasonableness of a fee." *Id.*

To identify the appropriate standard rate, courts in this District regularly look to the most recent data from the State Bar of Michigan. *See, e.g.*, *Sykes v. Comm'r of Soc. Sec.*, 144 F. Supp. 3d 919, 926 (E.D. Mich. 2015) (Lawson, J.). The State Bar's 2023 survey results indicate that, for public benefits attorneys in Michigan, the median hourly rate was $300, the mean rate was $269, the 75th percentile rate was $450, and the 95th percentile rate was $500. State Bar of Michigan, *2023 Economics of Law Survey Results* 9 (2023), https://www.michbar.org/file/pmrc/pdfs/2_2023EOL_SurveyResults.pdf.

The Court agrees with Kaiser that this fee is reasonable. First, the contingent fee agreement between Plaintiff and Kaiser complies with the 25% cap on past-due benefits. (S*ee* ECF No. 38-3.)

Second, the attorney fee award is within the *per se* reasonable range as described in *Hayes*, 923 F.2d 418. Kaiser seeks $28,307.73 in attorney fees for 61.1 hours of work on this case. (*See* ECF No. 38, PageID.1081; ECF No. 38-4, PageID.1105.) If granted in full, counsel's requested award

6

would represent a hypothetical hourly rate of about $463. This amount is "less than twice the standard rate for such work in the relevant market," *Hayes*, 923 F.2d at 422, as it is less than twice the amount of both the mean and median hourly rates reported by the State Bar's 2023 survey results. Thus, Kaiser's requested award will be granted.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $28,307.73.

The Court ORDERS Plaintiff's counsel to refund the EAJA fee award of $5,500.00 and the Supplemental Security Income fee of $1,239.65 to Plaintiff Tommie Johnson. Counsel must file a notice confirming such payment has been made within thirty days of the date of this Opinion and Order.

The Commissioner of Social Security is DIRECTED to disburse $28,307.73 from the representative fees withheld from Plaintiff Tommie Johnson's past-due benefits to Plaintiff's counsel, Ryan T. Kaiser, upon presentation of this Opinion and Order.

The Commissioner of Social Security is further DIRECTED to disburse any remaining retained funds to Plaintiff Tommie Johnson.

IT IS SO ORDERED.

Dated: March 20, 2024　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2024.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager